IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBERT MONTGOMERY PETITIONER

VS. CIVIL ACTION NO. 3:19cv502-CWR-FKB

WARDEN C. NASH RESPONDENT

**REPORT AND RECOMMENDATION**

Robert Montgomery is a federal prisoner serving a 188-month sentence at the Federal Correctional Complex in Yazoo City, Mississippi. He brought this action pursuant to 28 U.S.C. § 2241 challenging his conviction. The undersigned recommends that the petition be denied.

Montgomery was tried at a jury trial and convicted in December of 2011 in the United States District Court for the Western District of Missouri of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] He was given an enhanced sentence pursuant to 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act, which mandates a minimum sentence of 15 years. Montgomery appealed both his conviction and his sentence. The Eight Circuit Court of Appeals rejected his arguments and affirmed. *United States v. Montgomery*, 701 F.3d 1218 (8th Cir. 2012). On October 4, 2013, Montgomery filed his first motion to vacate under 28 U.S.C. 2255, asserting claims of ineffective assistance of counsel, prosecutorial misconduct, jury instruction errors, and the illegality of his sentence under the ACCA. The district court denied relief, and both the district court and the Eighth Circuit denied Montgomery a

[1] Section 922(g) makes it unlawful for certain individuals to possess firearms. It lists nine categories of persons subject to the prohibition, one of which is convicted felons. Section 924(a)(2) provides that anyone who knowingly violates § 922(g) shall be fined or imprisoned for up to ten years.

certificate of appealability. Montgomery subsequently filed three requests for permission to file successive § 2255 motions, all of which were denied.

In his § 2241 petition, Montgomery argues that pursuant to the recent Supreme Court case of *Rehaif v. United States*, 139 S.Ct. 2191 (2019), his conviction is no longer valid. In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove that the defendant knowingly violated each of the material elements of § 922(g), *i.e.,* he must have known both that he possessed a firearm and that he had belonged to the relevant category of persons prohibited from doing so. 139 S.Ct. at 2200. Thus, Montgomery contends that in his case, the government was required to prove, and the jury to find, that he knew both that he possessed a firearm and that he was a convicted felon. Montgomery argues that his conviction was invalid because the jury never considered the issue of whether he possessed the firearm with the knowledge that he was a convicted felon.

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam). A federal prisoner may challenge his conviction under § 2241 only if his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate where (1) a petitioner's claim is based upon a retroactively-applicable Supreme Court decision; (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial,

direct appeal, or first § 2255 motion; and (3) the decision establishes that the petitioner may have been convicted of a nonexistent offense. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Montgomery argues, and Respondent concedes, that under Fifth Circuit law, he has made a *prima facie* case that his *Rehaif* claim meets these requirements. The undersigned agrees.

It is well-established in the Fifth Circuit that a new Supreme Court case interpreting a federal statute that substantively defines a criminal offense applies retroactively. *Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017) (citing *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010). Thus, Montgomery's *Rehaif* claim meets the first prong of the savings clause. Furthermore, Montgomery's claim would have been foreclosed by Eighth Circuit precedent prior to *Rehaif*. *See United States v. Thomas*, 615 F.3d 895, 899 (8th Cir. 2010) (holding that the "knowingly" requirement of § 922(g)(1) applies only to possession of a firearm, not to relevant status) (citing *United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999)). Finally, the *Rehaif* decision establishes that Montgomery may have been convicted of a non-existent offense, *i.e.*, the offense of being a felon in possession of a firearm but without the knowledge that he was a convicted felon. Thus, Montgomery has met the requirements of § 2255(e).

Respondent contends that Montgomery's claim is nevertheless barred because he has defaulted it, in that he failed to raise it at trial and on direct appeal. Where a petitioner has defaulted a claim by failing to raise it on direct review, that claim may be raised in a habeas petition only if the petitioner can first demonstrate either cause for the default and prejudice resulting from the error, or that he is actually innocent of the

crime of conviction. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citing *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)). Montgomery denies the applicability of the procedural default rule, contending that he did in fact raise his claim both at trial and on direct appeal. However, he has identified nothing in the record indicating that he ever argued, either before the trial court or on appeal, that the scienter requirement of the statute applied to his status as a convicted felon. Furthermore, a thorough review of the record by the undersigned indicates that while Montgomery asserted a multitude of arguments, particularly in his *pro se* filings, he never advanced any argument related to his knowledge of his status as a convicted felon.[2]

Therefore, the question is whether either of the exceptions to procedural default applies. Montgomery cannot meet the cause-and-prejudice exception because he has failed to establish cause for his failure to raise his claim at trial and on direct review. Cause in the context of procedural default normally consists of some objective factor, external to the petitioner, that impeded his ability to raise the issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Montgomery has not identified any external impediment to his asserting his argument on direct review. The fact that his argument would have been unsuccessful, given Eighth Circuit precedent, is insufficient for a finding of cause. Futility cannot constitute cause for procedural default unless the argument would have

---

[2] Montgomery represented himself at trial, with the aid of stand-by counsel. On appeal, he was represented by counsel but nevertheless filed several documents *pro se*. The trial court record is available at *United States v. Robert Montgomery*, 4:10cr187-ODS in the United States District Court for the Western District of Missouri. The appeal record is available at *United States v. Robert Montgomery*, 2012cr1613 in the United States Court of Appeals for the Eighth Circuit.

The only challenge to the conviction acknowledged by the Eight Circuit in its opinion was the sufficiency of the evidence that he knowingly possessed a firearm. *See Montgomery*, 701 F.3d at 1221-22.

been so novel that its legal basis would not have been reasonably available. *See Bousley*, 523 U.S. at 622-23. The basis of the decision in *Rehaif* was not novel, and the defendant in *Rehaif* was not the first to raise the issue. The same argument raised by Rehaif was made by the defendant in *United States v, Games-Perez*, 667 F.3d 1136 (10th Cir. 2012), a case decided prior to the filing of Montgomery's notice of appeal. The concurring opinion of then-Judge Gorsuch, now Justice Gorsuch, in *Games-Perez* supports the idea that there was nothing novel about this argument: Judge Gorsuch stated that the plain language of the statute compelled the conclusion that the "knowingly" requirement applied to both possession and status. *Games-Perez*, 667 F.3d at 1142 (Gorsuch, J., concurring in judgment). And in *Rehaif*, the Supreme Court indicated that its decision was based upon clear precedent and the plain language of the statute. *Rehaif*, 139 S.Ct. at 2196-97. In short, the fact that Eighth Circuit precedent was to the contrary does not constitute cause for Montgomery's default. As the Supreme Court stated in *Bousley*, "[F]utility cannot constitute cause if it means simply that a claim 'was unacceptable to that particular court at that particular time.'" *Bousley*, 523 U.S.at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130, n. 35 (1982)).

The only remaining route around the procedural bar is through the "actual innocence" gateway. Actual innocence is a narrow exception to the procedural default rule and is reserved for extraordinary cases of manifest injustice. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order for the exception to apply in this case, Montgomery must show that it is more likely than not, in light of all the evidence, that no reasonable juror, properly instructed as to the law, would have found him guilty. *See id.* at 327-28.

Montgomery has identified no evidence indicating that at the time he possessed the firearm, he did not know that he was a convicted felon. Indeed, he has not even alleged this lack of knowledge. Moreover, evidence admitted at trial indicated that Montgomery had four felony convictions predating his arrest in June 2010 for the underlying offense, including one for felon-in-possession. *See United States v. Robert Montgomery*, 4:10cr187-ODS (W.D. Mo.), [214] at 157-59. Montgomery has not made a threshold showing of actual innocence.

In summary, Montgomery has procedurally defaulted his claim, and he has failed to establish the applicability of any exception to the procedural default rule. Accordingly, this court cannot consider the challenge to his conviction. For this reason, the undersigned recommends that habeas relief be denied and the petition dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 5th day of May, 2020.

/s/ F. Keith Ball
United States Magistrate Judge