# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

ROBERT MONTGOMERY                                       PETITIONER

V.                                                CAUSE NO. 3:19-CV-502-CWR-FKB

WARDEN CHERON Y. NASH                              RESPONDENT

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court are Petitioner Robert Montgomery's Petition for Writ of Habeas Corpus [Docket No. 1] and Motion Seeking Priority Ruling [Docket No. 21]. On May 5, 2020, Magistrate Judge F. Keith Ball entered a Report and Recommendations proposing to deny Montgomery's Petition because Montgomery "has procedurally defaulted his claim and has failed to establish the applicability of any exception to the procedural default rule." Docket No. 16 at 6.

In his § 2241 petition, Montgomery argues that his conviction is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court held that under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove that (1) the defendant knew he possessed a firearm, and (2) the defendant knew he was a felon prohibited from doing so. *Rehaif*, 139 S. Ct. at 2200. Montgomery argues that his conviction is invalid because the "jury never considered the issue of whether he possessed the firearm with the knowledge that he was a convicted felon." *Id.* at 2.

The R&R recognizes, and the Respondent concedes, that Montgomery has established the prima facie case that his *Rehaif* claim meets the requirements of the "savings clause" exception of § 2255. However, the R&R finds that Montgomery's claim is nevertheless barred because he has defaulted it by failing to raise it at trial and on direct appeal.

Montgomery filed objections to the R&R that mostly focused on his assertion of actual innocence, since the jury convicted him under instructions that did require that they find that Montgomery knew his status as a convicted criminal. He asserts that the government did not put on any specific evidence proving that he knew his status. However, Montgomery points to no evidence in his briefing that at the time he possessed the firearm, he did not know that he was a convicted felon. As the R&R stated, "evidence admitted at trial indicated that Montgomery had four felony convictions predating his arrest in June 2010 for the underlying offense, including one for felon-in-possession." Docket No. 16 at 6. With that evidence, this Court cannot say that no reasonable jury, properly instructed as to the law, would have found him guilty.

Montgomery objects to the Court's finding of procedural default, asserting that his claim was not available to him under then-existing Eighth Circuit law. He also points to an objection he made at trial, asserting that the government failed to meet its burden to establish that he possessed a firearm or that he legally qualified for his conviction under 18 U.S.C. §§ 922(g) and 924(a)(2). This is not an objection that the government failed to establish that he knew he was a felon prohibited from possessing a firearm, which is the claim he is making now in his petition.

Montgomery additionally takes issue with the R&R's discussion that his claim is not sufficiently novel to fall under the exception to the procedural default. The R&R points to the fact that "the same argument raised by Rehaif was made by the defendant in *United States v. Games-Perez*, 667 F.3d 1136 (10th Cir. 2012), a case decided prior to the filing of Montgomery's notice of appeal." Docket No. 16 at 5. Montgomery objects to the use of Tenth Circuit precedent, as he was convicted in the Eighth Circuit. As the Report identifies, however, "as the Supreme Court stated in *Bousley*, '[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.'" *Id.*

Thus, having considered the R&R and Montgomery's objections, the Court concludes that there has been no showing that the R&R is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72. Therefore, this Court hereby adopts, as its own opinion, the R&R of the Magistrate Judge. The petition is denied and a separate Final Judgment shall issue. Montgomery's motion seeking priority ruling is dismissed as moot.

**SO ORDERED**, this the 18th day of June, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE