IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROBERT MONTGOMERY**                                                              **PLAINTIFF**

V.                                                                **CAUSE NO. 3:19-CV-502-CWR-FKB**

**CHERON Y. NASH**                                                        **DEFENDANT**

**ORDER**

Before the Court is Robert Montgomery's motion requesting leave to proceed *in forma pauperis* ("IFP") on appeal to the Fifth Circuit. Docket No. 27.

A court may allow an indigent litigant to proceed without prepaying the filing fee. 28 U.S.C. § 1915(a). The following provisions govern IFP status for prisoners:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>     (A) the average monthly deposits to the prisoner's account; or
>     (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* § 1915(b).

Having reviewed Montgomery's motion for leave to proceed IFP on appeal, the Court finds it is well-taken and due to be granted. Mr. Montgomery states that he is appealing the denial of his 28 U.S.C. § 2241 habeas corpus petition. Docket No. 27 at 1. He professes his belief that he is entitled to redress due to the Supreme Court's recent ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Id.* Mr. Montgomery also sufficiently substantiates his inability to pay the filing fee;

in a signed affidavit, he swears that he cannot prepay the docket fees of his appeal or post bond for them. Docket No. 28. Accordingly, the following payment schedule applies:

Because Montgomery's institutional account statement shows that his average monthly deposits and average monthly balances are each $0 [Docket No. 28-1], his initial partial filing fee is $0. *See* 28 U.S.C. § 1915(b); *see also Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

Going forward, under § 1915(b) Montgomery must make monthly payments of 20% of the preceding month's income credited to his institutional account,[1] until the total appeal filing fee of $505.00 is paid. The prison at which Montgomery is incarcerated is required by law, when his institutional account exceeds the sum of $10.00, to forward monthly payments with Montgomery's name, civil action number (No. 3:19-CV-502-CWR-FKB), and appeal number (No. 21-60643) written on the payment, to the Clerk of Court, 501 E. Court Street, Suite 2.500, Jackson, MS 39201, with each payment being a sum which equals 20% of the preceding month's income credited to Montgomery's institutional account.

**SO ORDERED**, this the 1st day of December, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[1] "Income" means "whatever sums enter a prison trust account, disregarding the source." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998).